UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JOHN BURTON,

    Plaintiff,

  vs.

CRYSTAL BENSON & RENEE COOPER,

    Defendants.

NO. CV-06-0273-JLQ

ORDER DENYING RULE 60(b) MOTION AND CLOSING FILE

    This *closed* pro se civil rights action comes before the court on Plaintiff's Motion to Vacate Judgment/Order pursuant to Fed.R.Civ.P. 60(b). ECF. No. 287.

    On May 11, 2009, final judgment was entered dismissing all claims in favor of Defendants. Plaintiff's appeal to the Ninth Circuit challenging the court's final decision was dismissed and a mandate issued on February 22, 2010 because of Plaintiff's failure to prosecute. Plaintiff now attempts to return to this court seeking to challenge the court's summary judgment decision.

    Jurisdiction is proper in this court to decide Plaintiff's Rule 60 (b) motion after the mandate from the Ninth Circuit has issued. *Gould v. Mutual Life Ins. Co.*, 790 F.2d 769, 773 (9th Cir. 1986) (once appellate mandate issues, district court has jurisdiction to decide post-judgment motions), cert. denied, 479 U.S. 987 (1986). A motion under Rule 60(b) must be made "within a reasonable time" and for reasons of 60(b)(1),(2), and (3) "no more than a year after the entry of the judgment, order, or the date of the proceeding." Rule 60(c)(1). Plaintiff's motion based upon Rule 60(b)(3)(fraud, misrepresentation or misconduct by an opposing party) is untimely and is denied on that basis.

///
///
///

ORDER - 1

In addition, Plaintiff is attempting to use Rule 60(b) to reargue issues decided against him and to raise new claims not asserted on appeal. The interest in finality does not justify reopening of the final judgment.

Plaintiff's Motion to Vacate Judgment (ECF. No. 287) is **DENIED**.

**IT IS SO ORDERED.** The Clerk of this court shall enter this Order, forward copies to the parties, and CLOSE THE FILE.

**DATED** this 15th day of March 2011.

**s/ Justin L. Quackenbush**
**JUSTIN L. QUACKENBUSH**
**SENIOR UNITED STATES DISTRICT JUDGE**

ORDER - 2